By the Court, Monell, J.
As far as we are able to un- . derstand from the very meager statement of the facts in the printed case, the jury gave the plaintiff a verdict for the value of his life interest in the property injured or destroyed, with interest upon such value, from the time of the final demand upon the comptroller.
In determining the value of the plaintiff’s interest, the jury probably ascertained the value of the property actually destroyed, and the extent of the damage to such as was merely injured. If, therefore, the jury adopted as the measure of damages in part, the value of the property injured or destroyed, then the instruction of the court, excepted to by the defendants, to add interest to such value, was not erroneous. The case cannot, we think, be distinguished from Dana v. Fiedler, (12 N. Y. Rep. 50,) which must now be regarded as having changed the rule of damages in cases of this nature. The same principle is involved in the decision in Potter v. Merchants’ Bank, (28 N. Y. Rep. 641,) which was an action for *411 the conversion of a promissory note, and interest was allowed as part of the damages.
I am not disposed to go farther than to allow interest in those cases where injury to, or destruction or conversion of property, is the subject of the controversy or in those other cases where the value of the subject must be ascertained, to fix the measure of damages. Such, as I understand them, is the extent of the decisions. It is not intended to allow interest, as a matter of course, in every action for the recovery of unliquidated damages.
If, in the case before us, the jury ascertained the value of the plaintiff’s interest in any other way than by assessing the value of the buildings, it- is doubtful if the plaintiff could claim interest as a right. All presumptions, however, are in favor of the correctness of the verdict, and the plaintiff must have the benefit of them in this case.
A motion appears to have been made at special term for a new trial, and denied, but we are not furnished on this appeal with any of the evidence, and we cannot therefore look into the case to see if the verdict is supported by proof.
The only exception being to the allowance of interest, the judgment and order, for the reasons assigned, must be affirmed.